IN THE CIRCUIT COURT FOR PINELLAS COUNTY, FLORIDA
CASE NO: 17-000663

CATHERINE BURR,

                Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,

                Defendant.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, CATHERINE BURR, files this suit against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, and alleges:

### GENERAL ALLEGATIONS

1) This is a claim for damages in excess of Fifteen Thousand ($15,000.00) Dollars.

2) At all times material hereto, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, was and is a foreign corporation authorized and engaged in the business of insurance in the State of Florida, with an office in Pinellas County, Florida.

3) On October 30, 2015, at approximately 3:30 p.m. an underinsured motor vehicle was being operated by Juan Carlos Cruz Ortega, a non-party.

4) At said time and place, the said underinsured motor vehicle was operated in such a careless and negligent manner as to cause the same to collide with and against the rear of the motor vehicle operated by the Plaintiff, CATHERINE BURR.

5) As a result Plaintiff, CATHERINE BURR, suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of

hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT I
## (UM)

The Plaintiff, CATHERINE BURR adopts, realleges and reavers all of the allegations of the General Allegations as if the same were here set forth in full, and further states:

6) On or before, October 30, 2015, the Plaintiff purchased insurance from the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, which provided uninsured/underinsured motorist coverage in the amount of $100,000.00 for injury to one person. A copy of the insurance disclosure information for Policy Number 9843152-59 is attached hereto and marked as Exhibit "A". Said policy was in full force and effect on October 30, 2015, when the Plaintiff was involved in the motor vehicular collision referenced above.

7) Plaintiff, CATHERINE BURR, has requested the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, to admit that there exists uninsured/underinsured motorist coverage available to the Plaintiff to the extent of $100,000.00 per person and has demanded payment of benefits under such coverage for the injuries suffered in the subject motor vehicular collision. To date, said Defendant has denied or otherwise refused to pay such benefits.

8) Plaintiff, CATHERINE BURR, has complied with, performed or otherwise accomplished all conditions precedent to the maintenance of this action and the liability of this Defendant.

WHEREFORE, the Plaintiff, CATHERINE BURR, demands judgment against the Defendant,

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, in an amount in excess of Fifteen Thousand ($15,000.00) Dollars, plus costs of this suit and demands a trial by jury.

## COUNT II
(Bad Faith)

The Plaintiff, CATHERINE BURR adopts, realleges and reavers all of the allegations of the General Allegations and Count I as if the same were here set forth in full, and further states:

9) Notice of the subject motor vehicle collision was given promptly and timely to the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation. Under the terms of the applicable insurance contract, the Defendant had a duty to use reasonable care in the investigation, handling and evaluation of the Plaintiff, CATHERINE BURR's claim. The Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, further had a duty to act in good faith and give due consideration to the interests of the Plaintiff in the negotiation and settlement of the claim.

10) Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, negligently failed to adequately investigate the pertinent facts of the case or otherwise failed to consider the interests of its insured and refused to attempt to settle the case in good faith, rejecting reasonable offers to settle within the limits of underinsured motorist coverage, in derogation and violation of Florida Statute §624.155.

11) As a result of the negligent acts or omissions of the Defendant as set forth above and due to its failure to fulfill its obligations to its insured pursuant to Florida Statute §624.155, it has become necessary for the Plaintiff, CATHERINE BURR, to retain the services of the undersigned attorney, and she has obligated herself to pay him a reasonable fee for his services in bringing this

action pursuant to Florida Statute §627.428.

WHEREFORE, the Plaintiff, CATHERINE BURR, demands judgment against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, in an amount in excess of Fifteen Thousand ($15,000.00) Dollars, plus costs of this suit and demands a trial by jury.

Dated in St. Petersburg, Pinellas County, Florida this 30th day of January, 2017.

_____
RICK G. BANNON, ESQUIRE
Law Offices of Rick G. Bannon, P.A.
1901 Dr. M.L. King Jr. Street North
St. Petersburg, FL 33704
(727) 896-4455
SPN: 573878  FBN: 352985

Providing Insurance and Financial Services
Home Office, Bloomington, IL

 StateFarm®

December 31, 2015

Law Offices Of Rick Bannon
1901 Dr. M L King St N
St Petersburg FL 33704

State Farm Claims
PO Box 106171
Atlanta GA 30348-6171

RE: Claim Number: 59-7K90-965
Date of Loss: October 30, 2015
Our Insured: Catherine C & David Burr
Your Client: Catherine Burr

To Whom It May Concern:

We are in receipt of your request for policy information. In response to your request and in accordance with the recent decision by the Florida 5th DCA in *Progressive v. Rural Metro Ambulance (Nov. 14, 2008)*, please find insurance information regarding policy number 9843152-59 on the below listed vehicle for the above date of loss.

**Year: 2001    Make/Model: Infiniti I30**

**Vehicle Id Number: JNKCA31A11T018797**

The name of the insurer:    State Farm Mutual Automobile Insurance Company

Named Insured(s):    Catherine C & David Burr

Coverages:    A 100/300/100,P10,D250,G500,U3 100/300

A/B - BI/PD Liability (BI per person/BI per accident/PD)
P - Personal Injury Coverage
C - Medical Payments Coverage
D - Comprehensive
G - Collision
H - Emergency Road Service
R - Rental Coverage
U - Uninsured Motorist - Stacking
U3 - Uninsured Motorist - Non-Stacking
S - Death, Dismemberment and Loss of Sight

The coverages you chose are shown on the declaration page of your policy and of those coverages to this loss is determined by the language of your policy con endorsements.

EXHIBIT
A

The applicable UM Selection/Rejection form is attached.

Policy or coverage defenses known to the Company at this time:
None

Umbrella or excess insurance known to the Company at this time:
None

I trust this information will satisfy your request. However, should you need further assistance, please contact Sharon A Ragsdale at (844) 292-8615 Ext. 8633183282.

Sincerely,

*Sharon Ragsdale*

Sharon A Ragsdale
Claim Specialist
(844) 292-8615 Ext. 8633183282
Fax:    (855) 820-6318

State Farm Mutual Automobile Insurance Company

Enclosure:    UM Selection/Rejection form

For a complete description of the terms, conditions and exclusions applicable to each specific coverage and to determine the coverages that are included in your policy, PLEASE READ YOUR POLICY, INCLUDING ITS DECLARATIONS PAGE, AND ALL ENDORSEMENTS CAREFULLY. These specific terms, conditions, and exclusions control. In providing the above information, we, the State Farm Mutual Automobile Insurance Company, do not intend to waive any policy terms, conditions or exclusions nor do we intend to waive any unstated policy defenses, but rather we specifically reserve all our rights including our right to assert any such policy terms, conditions, exclusions or defenses at any time.



State Farm Mutual Automobile Insurance Company
State Farm Fire and Casualty Company

## Florida Uninsured Motor Vehicle Coverage - Selection/Rejection

**YOU ARE ELECTING NOT TO PURCHASE CERTAIN VALUABLE COVERAGE WHICH PROTECTS YOU AND YOUR FAMILY OR YOU ARE PURCHASING UNINSURED MOTORIST LIMITS LESS THAN YOUR BODILY INJURY LIABILITY LIMITS WHEN YOU SIGN THIS FORM. PLEASE READ CAREFULLY.**

Uninsured Motor Vehicle coverage provides for payment of certain benefits for damages caused by owners or operators of uninsured motor vehicles because of bodily injury or death resulting therefrom. Such benefits may include payments for certain medical expenses, lost wages, and pain and suffering, subject to limitations and conditions contained in the policy. For the purpose of this coverage an uninsured motor vehicle may include a motor vehicle as to which the bodily injury liability limits, if any, are less than your damages.

This coverage can be purchased in either a "**stacking**" form or, for a reduction in premium, a "**non-stacking**" form. "Stacking" is not available for policies with a named insured that is not a natural person.

If you select the **Stacking** option, and you or a resident family member are injured by an uninsured motorist, and the injured person's damages exceed the limits of the policy on the motor vehicle which the injured person is occupying, the injured person can add the coverage under two or more household policies to determine the limit of coverage that may be available to him/her.

If you select the **Non-Stacking** option and you or a resident family member are injured by an uninsured motorist, except as provided in 1. below, the injured person may not add together coverage under two or more household policies to determine the total limits of coverage that may be available to him/her. Except as provided in 1. below, the coverage available to the injured person is only the coverage available as to that motor vehicle he/she was occupying. The non-stacking form is also subject to the following:

1. If the injured person is occupying a motor vehicle not owned by him/her or a family member who resides with him/her, he/she may add to the coverage on the car occupied the highest limits of coverage afforded for any one vehicle insured by him/her or any family member who resides with him/her.

2. If the injured person is occupying a motor vehicle owned by him/her or a family member who resides with him/her, there is no coverage if uninsured motorist coverage was not purchased on that vehicle.

3. If the injured person is not occupying a motor vehicle at the time of the accident, he/she may select the coverage afforded for any one vehicle insured by him/her or any family member who resides with him/her. No other policy will apply.

### Selection/Rejection of Coverage

Florida law requires that motor vehicle liability policies include "stacking" Uninsured Motor Vehicle coverage, unless you select "non-stacking" coverage. "Stacking" is not available for policies with a named insured that is not a natural person. The selected coverage must be at limits equal to the Bodily Injury Liability coverage limits in your policy, unless you select lower limits of coverage. You also have the right to reject Uninsured Motor Vehicle coverage. Select one of the options below:

☐ I hereby reject all forms of Uninsured Motor Vehicle coverage.

☒ I hereby reject the stacking form of Uninsured Motor Vehicle coverage and, instead, select the non-stacking form of Uninsured Motor Vehicle coverage with limits equal to my Bodily Injury Liability coverage limits.

☐ I hereby reject Uninsured Motor Vehicle coverage with limits equal to my Bodily Injury Liability coverage limits and, instead, select the stacking form of Uninsured Motor Vehicle coverage with lower limits of $ _____ / $ _____

☐ I hereby reject Uninsured Motor Vehicle coverage with limits equal to my Bodily Injury Liability coverage limits and, instead, select the non-stacking form of Uninsured Motor Vehicle coverage with lower limits of $ _____ / $ _____

I understand and agree that this selection or rejection of Uninsured Motor Vehicle coverage applies to my policy of liability insurance and future renewals or replacements of such policy which are issued at the same Bodily Injury Liability coverage limits. If I decide to change my selection or rejection of Uninsured Motor Vehicle coverage, I must let the Company know in writing.

| 2001 | INFINITI I30 |
|---|---|
| Year of Vehicle | Make and Model of Vehicle |

| JNKCA31A11T018797 | 984 3152-E23-59B | 59-2368 |
|---|---|---|
| Vehicle Identification Number | Application/Policy Number | Agent Code |

BURR, CATHERINE C & DAVID
Named Insured(s) (as appearing on the application or policy)

*/s/ David W Burr*
*/s/ Catherine Burr*                                       5-21-13

Signature of Any Named Insured (If a Business, a Company Representative should print and sign here)       Date

Form # 150-4188 FL.12                                       1001254 2001 140553 201 09-23-2010

LAW OFFICES OF

# RickG.BannonP.A.

1901 Dr. M.L. King Jr. Street N.
St. Petersburg, FL 33704
(727) 896-4455
FAX (727) 895-1312
www.rbannonlaw.com

February 1, 2017

State Farm Mutual Automobile Insurance Co.
c/o Florida Chief Financial Officer as RA
Service of Process Section
Post Office Box 6200
Tallahassee, FL 32314-6200

      RE:   Catherine Burr v State Farm Mutual Automobile Insurance Co.
             Case No.: 17-000663-CI

Dear Sir or Madam:

Please find enclosed the following documents:

- the original validated Summons along with one copy
- one copy of the Complaint
- our check in the amount of $15.00 payable to the Chief Financial Officer

Please accept service of process as the registered agent on behalf of the Defendant insurance company, State Farm.

I would appreciate you forwarding the Return of Service to my office. Thank you for your cooperation in this matter.

Very truly yours,

Rick G. Bannon

RGB/wb
Encs.

Personal Injury  |  Accidental Death  |  Admiralty/Maritime  |  Insurance Claims