UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

**CATHERINE BURR,**

    **Plaintiff,**

v.                                               Case No: 8:17-cv-596-T-27AAS

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, a foreign corporation ,**

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's Motion to Remand (Dkt. 5), Defendant's Response in Opposition to the Plaintiff's Motion to Remand (Dkt. 12), and Defendant's Motion to Dismiss without Prejudice or, in the Alternative, Motion to Abate Count II (Dkt. 3). Upon consideration, Plaintiff's Motion to Remand is **DENIED** and Defendant's Motion to Dismiss Count II without Prejudice is **GRANTED**.

## I. BACKGROUND

On October 30, 2015, Plaintiff Catherine Burr was involved in an automobile accident with an underinsured driver. At the time of the collision, Burr had an insurance policy with Defendant State Farm Mutual Automobile Insurance Company which provided up to $100,000 for injuries to one person from a collision with an underinsured driver. Burr has demanded payment under this policy and State Farm has refused (Dkt. 2, ¶ 7). According to her complaint, Burr suffered bodily injury, pain and suffering, disfigurement, loss of capacity for the enjoyment of life, expense of

1

hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition (Dkt. 2, ¶ 5). In her Complaint, Burr sought damages "in excess of Fifteen Thousand ($15,000) Dollars" (Dkt. 2, ¶ 1). State Farm removed the case on the basis of diversity jurisdiction, contending that the amount in controversy is the $100,000 upper policy limit. Burr has moved to remand, contending that State Farm has not shown that the amount in controversy exceeds $75,000.

## II. STANDARD

In cases where the amount in controversy is not explicitly stated, the removing party must prove by the preponderance of the evidence that the removal was proper. *Lowery v. Alabama Power Co.*, 482 F.3d 1184, 1208 (11th Cir. 2007). Federal jurisdiction must be determined unambiguously and such a conclusion must be reached solely based on the documents available at the time of removal. *Id.* at 1213-14. Furthermore, it is not left to the removing party or the court to speculate as to the true amount when there is ambiguity and the removing party should have sought clarity before seeking removal. *Id.* at 1214-15 As such, this case must be remanded unless unambiguous proof was available at the time of removal that it is more likely than not Burr will be seeking in excess of $75,000 from State Farm.

## III. DISCUSSION

### A. Motion to Remand

As of May 25, 2017, Plaintiff's medical bills for which she is seeking damages total $82,813.13, an amount in excess of the $75,000 requirement for federal jurisdiction. Plaintiff is further claiming lost wages for the week after surgery, an additional $675 (Dkt. 12, page 22-23). Both parties have admitted to a $10,000 set-off in what is owed by Defendant due to a payout in that amount from PIP

benefits, lowering the definite amount in controversy to $73,488.13 (Dkt. 12, page 30-31). Therefore, if Burr were seeking only to pay for these outstanding costs, she would come $1,511.87 short of the minimum requirement for removal. However, Plaintiff has also alleged permanent injuries to her right shoulder and neck, as well as lost future earnings as a result of the accident (Dkt. 12, page 23). Further, she is seeking damages for pain and suffering, disfigurement, loss of capacity for the enjoyment of life, and aggravation of previously existing conditions (Dkt. 2, ¶ 5). While *Lowery* does dictate that it is not the place of this court or the Defendant to speculate on the amount in controversy when there is ambiguity, that same decision noted that the burden of proof for removal is only more likely than not. *Lowery*, 483 F.3d at 1210. Relying on my judicial experience and common sense, Burr's claim for damages for two permanent injuries, lost future earnings, pain and suffering, disfigurement, loss of capacity for the enjoyment of life, and aggravation of previously existing conditions will more likely than not be in excess of $1,511.87, thereby surpassing the $75,000 minimum despite the $10,000 PIP set-off. *See Roe v. Michelin North America Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

### B. Motion to Dismiss Count II

Plaintiff's statutory bad faith claim stated in Count Two will be dismissed as premature. *See Safeco Ins. Co. of Ill. v. Fridman*, 117 So. 3d 16, 19 (Fla. 5th DCA 2013); *Gov't Emps. Ins. Co. v. King*, 68 So. 3d 267, 270 n.3 (Fla. 2d DCA 2011) (en banc).[1]

---

[1] Courts have the discretion to abate or dismiss bad faith claims when concurrently pled with a coverage action. *See GEICO Gen. Ins. Co. v. Harvey*, 109 So. 3d 236, 239 (Fla. 4th DCA 2013). The trend in Florida's appellate courts is to dismiss the bad faith claim without prejudice, rather than abate it, and the weight of authority from Florida's District Courts of Appeal and Supreme Court supports dismissal. *See Fridman*, 117 So. 3d at 19; *King*, 68 So. 3d at 270 n.3. *See generally Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000) ("We continue to hold in accord with [*Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991)], that bringing a cause of action in court for [statutory bad faith] is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract.").

## IV. CONCLUSION

By a preponderance of the evidence, Defendant has demonstrated that it is more likely than not that the amount in controversy exceeds $75,000. Accordingly, Plaintiff's Motion to Remand (Dkt. 5) is **DENIED**. Defendant's Motion to Dismiss Count Two of Plaintiff's Complaint (Dkt. 3) is **GRANTED**. Count Two of the Complaint is **DISMISSED** *without prejudice*.

**DONE AND ORDERED** this 15th day of July, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record